

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROBERT H. ALAND, | ) |
| Plaintiff, | ) Case No. 1:22-cv- 05821 |
| v. | ) Judge: Joan B. Gottschall |
| U. S. DEPARTMENT OF THE INTERIOR; DEB HAALAND, Secretary of the U. S. Department of the Interior; U. S. FISH & WILDLIFE SERVICE; and MARTHA M. WILLIAMS, Director of the U. S. Fish & Wildlife Service, | ) Magistrate Judge: Young B. Kim |
| | ) **Defendants oppose this Motion.** |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR SPEEDY HEARING PURSUANT TO FED. R. CIV. PROC. 57

Plaintiff moves the Court for a speedy hearing pursuant to Fed. R. Civ. P. 57 based upon the following facts and law:

1. This civil suit for declaratory and injunctive relief under the Declaratory Judgment Act of 1973 ("DJA"), 28 U.S.C. §§ 2201 and 2202, was filed on October 21, 2022.

2. Plaintiff seeks (a) a declaration that Defendant Martha M. Williams ("Williams"), Director of Defendant U. S. Fish & Wildlife Service ("FWS"), an agency of Defendant U. S. Department of the Interior ("DOI"), illegally holds her office in violation of 16 U.S.C. § 742b(b), which requires the FWS Director to have "scientific education and experience," and (b) the immediate removal of Defendant Williams from that office.

3. On November 8, 2022, Plaintiff filed an Affidavit Proving Service pursuant to Fed. R. Civ. Proc. 4(l)(1) (Doc. No. 8) proving that the U. S. Attorney in Chicago, Illinois, was served on

October 21, 2022, and that all Defendants and the U. S. Attorney General in Washington, D. C., were served on or before October 25, 2022.

4. Defendants' Answer, according to Plaintiff's calculation pursuant to Fed. R. Civ. Proc. 12(a)(2), is required to be filed on or before December 20, 2022.

5. On October 25, 2022, the Court issued an Order (Doc. No. 6) requiring the parties to (a) confer with regard to settlement, proceeding before the Magistrate Judge and a proposed discovery plan and (b) submit a joint initial status report and case management plan on or before January 25, 2023.

6. Fed. R. Civ. Proc. 57 provides that "the court may order a speedy hearing of a declaratory judgment action." The Court can issue the Order before Defendants' Answer is filed because of the extraordinary circumstances in this case and the absence of prejudice to Defendants.[1]

7. This case involves extraordinary circumstances that necessitate a speedy hearing:

(a) Defendant FWS's statutory mandate under the Endangered Species Act ("ESA") is to apply the "best available scientific and commercial data available" to achieve the protection and preservation of species, including wildlife.[2] Defendant Williams' lack of "scientific education and experience," in violation of the federal statute, 16 U.S.C. § 742b(b), assures that Defendant FWS cannot carry out that critical mandate. As a result, species,

---

[1] See *Mascaro Construction Co., L. P. v. Local Union No. 210,* 2009 WL 1405858 at *5 (W. D. N. Y. 2009), aff'd, 391 Fed. Appx. 13 (2d Cir, 2010). Compare *Drinan v. Nixon*, 364 F. Supp. 853, 864 (D. Mass. 1973), aff'd, 502 F..2d 1158 (1st Cir. 1973) (denied plaintiff's request to shorten time to file answer in declaratory judgment suit because, unlike present case, injunctive relief not requested).

[2] 16 U.S.C. § 1533(b)(1)(A), (2).

including wildlife, could suffer the most serious adverse consequences (i.e., death and injury), which could not be reversed, as a result of contaminated decisions made by Defendant FWS under the authority and supervision of Defendant Williams prior to her termination. That termination must be expedited to avoid this serious threat to wildlife.

(b) The resources of the federal judicial system, Defendants DOI and FWS and future aggrieved plaintiffs will be wasted if determination of Defendant Williams' illegal status is postponed until later dates when judicial challenges are made by those aggrieved plaintiffs in response to illegal actions by Defendant FWS in which Defendant Williams participated. For example, on November 1, 2022, Defendant FWS issued a Notice announcing the availability of the tentative U. S. negotiating positions on proposed resolutions, decisions and amendments to the important Convention on International Trade in Wild Fauna and Fauna ("CITES") at the next meeting of the parties to CITES on November 14-25, 2022, in Panama.[3] The Notice states:

> Martha Williams, Director of [Defendant FWS], approved this action on October 19, 2022, for publication. On October 26, 2022, Martha Williams authorized the undersigned to sign the document electronically and submit it to the Office of the Federal Register for publication as an official document of the [Defendant FWS].[4]

A speedy hearing with regard to Defendant Williams' legitimacy in office is needed so that the validity of the U. S. negotiating positions with regard to CITES can be assessed. Conversely, a decision with regard to that validity should not be postponed until some late date, perhaps years from today, when judicial challenges of those positions are finally resolved, since irreversible harm could happen to species covered by CITES prior to resolution.

---

[3] 87 Fed. Reg. 65815 (November 1, 2022).

[4] 87 Fed. Reg. at 65817.

8. An actual situation involving grizzly bears in the Greater Yellowstone Ecosystem ("GYE") provides an example of the serious adverse consequences that could arise in the near future if the declaratory judgment and injunctive relief requested by Plaintiff in this case are not granted speedily by this Court. In 2017 Defendant FWS promulgated a final rule removing ESA protection for grizzly bears in the GYE, effective July 31, 2017.[5] Civil suits were filed to challenge the validity of Defendant FWS's final rule in the U. S. District Court for the District of Montana. The States of Idaho and Montana established hunting seasons for grizzly bears to begin on September 1, 2018. The Montana District Court (a) on August 30, 2018, after an oral hearing, issued a 14-day temporary restraining order preventing these states from implementing their hunting seasons[6]; (b) on September 13, 2018, extended the temporary restraining order for another 14 days[7]; and (c) on September 24, 2018, issued its final decision striking down Defendant FWS's final rule.[8] Realistically, however, it must be assumed that the scenario would not play out so favorably for the species the next time it happens in the context of a judicial challenge of a contaminated delisting decision by Defendant FWS with authorization by Defendant Williams; the court's intervention might not be timely enough to prevent a disastrous result for the species as was avoided in *Crow Indian Tribe*.

---

[5] 82 Fed. Reg. 30502 (June 30, 2017).

[6] *Crow Indian Tribe v. United States,* 2018 WL 4145908 (D. Mont. 2018).

[7] *Crow Indian Tribe v. United States,* Case No. 9:17-cv-00089-DLC, Doc. No. 258 (D. Mont. Sept. 13, 2018).

[8] *Crow Indian Tribe v. United States*, 343 F.Supp.3d 999 (D. Mont. 2018), aff'd, 965 F.3d 662 (9th Cir. 2020).

9. The absence of prejudice to Defendants is due to the fact that Defendants and their counsel have a long-standing attorney-client relationship involving hundreds of cases. That relationship will allow Defendants' counsel to gather the relevant facts, which are relatively few, and brief the issues, which are relatively narrow and straightforward, quickly and without difficulty.[9]

10. Since the facts in this case are likely to be undisputed, the legal issues, which are relatively straightforward, can be decided upon motions for summary judgment pursuant to Fed. R. Civ. Proc. 56.

WHEREFORE Plaintiff requests the Court to exercise its discretion to grant a speedy hearing in this case by:

1. Expediting the deadline for Defendants to file their Answer from December 20, 2022, to November 30, 2022;

2. Expediting the deadline for the parties to submit the joint initial status report and case management plan from January 25, 2023, to November 30, 2022;

3. Expediting the discovery process by (a) allowing the parties to initiate discovery on the date this Motion is granted and (b) requiring the parties to complete discovery on or before December 2, 2022; and

4. Expediting the summary judgment process under Fed. R. Civ. Proc. 56 by establishing the following deadlines:

| Event | Deadline |
| --- | --- |
| Plaintiff's Motion for Summary Judgment, Statement of Undisputed Facts and Supporting Memorandum of Law | December 9, 2022 |
| Defendants' Response | December 16, 2022 |
| Plaintiff's Reply | December 23, 2022 |
| Hearing in person or by Zoom | Court's discretion |

---

[9] See *Mascaro Construction Co., L. P.,* supra note 1 at *5.

*[signature: Robert H. Aland]*

Robert H. Aland, Plaintiff

140 Old Green Bay Road
Winnetka, IL 60093-1512
Telephone: (847) 784-0994
Fax: (847) 446-0993
E-mail: rhaland@comcast.net

November 9, 2022

## CERTIFICATE OF SERVICE

Plaintiff certifies that on November 9, 2022, pursuant to the Court's Fifth Amended General Order 21-0027 (Oct. 11, 2022), he filed **PLAINTIFF'S MOTION FOR SPEEDY HEARING PURSUANT TO FED. R. CIV. PROC. 57** by sending the document by email to the Clerk of the Court, who will file the document by using the CM/ECF System, which will send notice of filing to counsel of record for all Defendants.

Plaintiff also certifies that **PLAINTIFF'S MOTION FOR SPEEDY HEARING PURSUANT TO FED. R. CIV. PROC. 57** was served by him on the following counsel of record for Defendants by email on November 9, 2022:

Kurt N. Lindland
Assistant United States Attorney
219 South Dearborn Street
Chicago, IL 60604
kurt.lindland@usdoj.gov

*[signature: Robert H. Aland]*

Robert H. Aland, Plaintiff

140 Old Green Bay Road
Winnetka, IL 60093-1512
Telephone: (847) 784-0994
E-mail: rhaland@comcast.net