UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT H. ALAND, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22 C 5821 |
| v. | ) | |
| | ) | Judge Gottschall |
| U.S. DEPARTMENT OF THE INTERIOR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SPEEDY HEARING

### Introduction

Plaintiff Robert Aland *pro se* filed this action on October 21, 2022, under the Declaratory Judgment Act of 1973, 28 U.S.C. §§ 2201, 2202, seeking to have the Presidentially-appointed and Senate-confirmed Director of the Fish and Wildlife Service removed from office because she supposedly lacks a science background. As defendants expect to explain in an anticipated motion to dismiss, the court lacks jurisdiction over this action since the Declaratory Judgment Act does not provide an independent cause of action, and Aland alleges no other basis for subject matter jurisdiction, and his claim is likely barred by the political question doctrine, which ensures the judiciary does not infringe on the other branches of government by deciding policy issues which the Constitution assigns to another branch, which in this case is the President and Congress. Aland also lacks standing, and finally, his claims are meritless in any event.

Before the court now, however, is only Aland's motion for speedy hearing pursuant to Fed. R. Civ. P. 57. Aland's motion for a "speedy hearing" should be denied because there is no factual or legal basis for his request, as Aland fails to set forth any factors that would warrant a "speedy hearing" under Fed. R. Civ. 57. Instead, given the court's lack of subject matter jurisdiction and Aland's lack of standing, expediting this matter for discovery and summary judgment now risks creating unnecessary inefficiencies and wasted effort for the parties and the court. Accordingly,

his motion should be denied, and the court should *sua sponte* dismiss the complaint for lack of jurisdiction. In the alternative, this case should proceed in the normal course.

## Facts

Plaintiff Robert Aland, a frequent *pro se* litigant (Dkt. 1, Complaint ("Cpl."), at 9–10), filed this complaint on October 21, 2022,[1] claiming that the Presidentially-appointed and Senate-confirmed Director of the Fish and Wildlife Service ("FWS"), Martha Williams, should be removed from office because she lacks "scientific education and experience." Dkt. 1, Cpl., at 1. Aland seeks "declaratory and injunctive relief" in the form of "immediate removal" of the director from her appointed office. Dkt. 1, Cpl., at 1.

On November 9, 2022, Aland moved for a "speedy hearing" because, according to him, "extraordinary circumstances" exist: unless the director is immediately removed from office, her supposed lack of a "science education and background" will cause her decisions to be "contaminated," possibly resulting in species "suffer[ing] the most serious adverse consequences (*i.e.* death and injury)." In other words, according to Aland, the director's termination "must be expedited to avoid this serious threat to wildlife." Dkt. 9, Mot., at 2–3.

## Argument

Aland's motion should be denied because he fails to meet the standard for a speedy hearing under Rule 57, and because the court lacks jurisdiction. Besides, while the merits of his case are not at issue here, he is wrong about the director's background, as set forth below.

---

[1] The U.S. Attorney's Office was served on October 24, 2022. A responsive pleading is therefore due December 23, 2022.

I.  **A Speedy Hearing Is Not Warranted.**

Aland's request for a speedy hearing is not warranted for several reasons. Speedy hearings under Rule 57 are held to allow "the court to advance the trial of one or more declaratory judgment claims ahead of other claims" but not for a hearing to address what a party sees as an emergency. *Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, No. 14CV06, 2015 WL 6134466, at *2 (N.D. Ind. Oct. 19, 2015). However, a speedy hearing under Rule 57 is not appropriate where the defendant "has not yet filed a responsive pleading and the time to do so has not yet expired." *GBX Assocs., LLC v. United States*, No. 22CV401, 2022 WL 1016218, at *4 (N.D. Ohio Apr. 5, 2022).

Here, even if the court had jurisdiction to order a speedy trial, which it does not, as set forth below, Aland is improperly using Rule 57 to advance what he believes is an emergency, rather than to resolve a declaratory judgment claim among many ahead of trial. *Valley Forge Ins. Co.*, 2015 WL 6134466, at *2. Indeed, Aland's only claim is one for declaratory and injunctive relief, which is inappropriate for a Rule 57 speedy hearing. Cpl. at 1.

Also, the defendant's responsive pleading is due December 23, 2022. It is not appropriate "to so dramatically curtail the" defendant's "opportunity to file a response" to the complaint by granting a speedy hearing. *GBX Assocs., LLC* 22CV401, 2022 WL 1016218, at *4 citing *Perry v. Correct Care Solutions, LLC,* 2017 WL 11519168 at * 3 (E.D. Va. June 2, 2017) (denying motion for speedy hearing under Rule 57 as premature where defendant had not yet been served or filed a responsive pleading); *Gardner v. Newsom*, 2020 WL 4808696 (E.D. Cal. July 10, 2020), report and recommendation adopted 2020 WL 4795290 (E.D. Cal. Aug. 18, 2020) (same). Accordingly, even if the court has jurisdiction, which it does not, a speedy hearing is improper in this case, and defendants should be provided the opportunity to file a timely response to the complaint in the normal course of litigation.

**II.     The Court Lacks Subject Matter Jurisdiction.**

As defendants will explain more fully in their anticipated motion to dismiss, the court lacks subject matter jurisdiction for at least two independent reasons: (1) the Declaratory Judgment Act does not provide an independent cause of action and Aland alleges no other basis for jurisdiction; and (2) Aland lacks standing.

**A.   The Declaratory Judgment Act.**

Aland invokes the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as the basis for his claim that the court has jurisdiction to order the removal of the director from her office. Dkt. 1, Cpl., at 1, 3. As the Supreme Court has held, the Declaratory Judgment Act "alone does not provide a court with jurisdiction." *California v. Texas*, 141 S. Ct. 2104, 2115 (2021) (citations omitted). The Act "does not . . . provide an independent cause of action. Its operation is procedural only—to provide a form of relief previously unavailable." *Garrard v. Rust-Oleum Corp.*, No. 20 C 612, 2021 WL 5906063, at *6 (N.D. Ill. Dec. 14, 2021) (citations omitted); *Geisha, LLC v. Tuccillo,* 525 F. Supp. 2d 1002, 1009 (N.D. Ill. 2007) ("Because the Act is not in itself a source of federal subject matter jurisdiction, the court must possess an independent basis for jurisdiction.") (citation omitted); *see Med. Assur. Co. v. Hellman*, 610 F.3d 371, 381 (7th Cir. 2010) ("[T]he Declaratory Judgment Act has no effect on the substantive law that governs a case."); *Matter of Chicago, Rock Island & Pac. R. Co*., 794 F.2d 1182, 1188 (7th Cir. 1986) ("A federal court is open only if there is an independent source of jurisdiction.").

Here, Aland provides no basis for jurisdiction other than the Declaratory Judgment Act, which is insufficient, as set forth above. He claims the director of the FWS violated 16 U.S.C. § 742b(b) by holding office without "science education and experience," but that statute does not confer jurisdiction either. Dkt.1, Cpl. at 1; 16 U.S.C. § 742; *Matter of Chicago, Rock Island &*

*Pac. R. Co.*, 794 F.2d at 1188 ("Only when federal law supplies the rule of decision, or an interpretation of a federal right is an essential ingredient of the claim, does the dispute present a federal question.") citing *Gully v. First National Bank*, 299 U.S. 109 (1936); *Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179, 183–85 (7th Cir. 1984). *Cf. Hilgeford v. Peoples Bank*, 776 F.2d 176 (7th Cir.1985). Accordingly, since the Declaratory Judgment Act does not provide the court with jurisdiction, and Aland provides no other basis for jurisdiction, Aland's motion should be denied, and the court should *sua sponte* dismiss the complaint for lack of subject matter jurisdiction.

### B. Aland Lacks Standing.

The court need not reach this issue because the Declaratory Judgment Act does not confer subject matter jurisdiction, as set forth above, but even if it did, Aland lacks standing. "The jurisdiction of federal courts is limited to 'Cases' and 'Controversies,' *U.S. Const. art. III, § 2*, and no 'Case' or 'Controversy' exists if the plaintiff lacks standing to challenge the defendant's alleged misconduct." *Johnson v. U.S. Office of Pers. Mgmt.*, 783 F.3d 655, 660 (7th Cir. 2015) quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "To establish standing, a plaintiff must show that he has suffered (or is imminently threatened with) (1) a concrete and particularized "injury in fact" (2) that is fairly traceable to the challenged action of the defendant, and that is (3) likely to be redressed by a favorable judicial decision." *Id.; Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan,* 504 U.S. 555, 560–61 (1992)). To determine whether a case must be dismissed for lack of standing, a court may "properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008) quoting *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

Even "if a party does not challenge the court's subject-matter jurisdiction, 'federal courts are obliged to police the constitutional . . . limitations on their jurisdiction.'" *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020) quoting *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986). Accordingly, "when a court is put on notice that an allegation integral to standing is probably false or if the complaint "fairly shriek[s] that there is no federal jurisdiction, the district judge must conduct whatever supplementary factual proceedings are necessary to resolve the doubt." *Bazile*, 983 F.3d at 278.

Here, Aland claims he has standing because he has visited Yellowstone National Park over the last 40 years (Dkt. 1, Cpl., at 7- 8), participated financially and "physically" to improve habitat in and near the park (*id*. at 8), submitted public comments on various issues related to grizzly bears and the Endangered Species Act ("ESA") (*id*. at 8–9) and filed several lawsuits involving Grizzly bears and the ESA (*id*. at 9–10). Aland further claims that because of the director's "illegal occupation of the office of FWS Director," he has "suffered, and will suffer, on an ongoing basis" "actual and imminent" "injury in fact" due to the "legal contamination of all decisions" by the director. *Id*. at 10 – 12.

Aland lacks standing because he cannot point to any "concrete and particularized injury that is both fairly traceable to the challenged conduct" and "likely to be redressed by a favorable judicial decision." *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F. 3d 285, 289 (7th Cir. 2016). His claim that the director does not have a background in science (which is unsupported) is not traceable to his claim that future legal decisions will be overturned because of her supposed "illegal occupation" of the office of the director. Furthermore, Aland's allegation that the director's supposed lack of "science education and experience" will impact his enjoyment of Grizzly bears is not, even if true, directly traceable to his claim that future legal decisions (he does not identify

6

any in particular) will be overturned due to the "legal contamination of her decisions." Dkt. 1, Cpl., at 11. In other words, his alleged "concrete and particularized injury" cannot be "fairly traceable to the challenged conduct." *Berger*, 843 F. 3d at 289.

Also, his claim that future legal decisions will be overturned because the director "illegally" holds the office of the director is speculative, at best. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) ("speculative chain of possibilities" and "[a]llegations of possible future injury are not sufficient" to show standing (internal citations omitted)); *Plotkin v. Ryan*, 239 F.3d 882, 886 (7th Cir. 2001). Similarly, Aland's claim that removing the director would somehow prevent legal decisions from being overturned "is too speculative and generalized to constitute an injury-in-fact for standing purposes." *Id.* Accordingly, Aland lacks standing.

### III. Aland's Claim Is Baseless.

Even if the court addresses the merits of whether the director, who was appointed by the President and confirmed by the Senate, "illegally" occupies the director's office of the FWS, which it should not for the reasons set forth above, Aland is wrong about her background. His entire claim is premised on one sentence from a 1974 amendment to the Fish and Wildlife Act of 1956 that established the position of the Director of the Fish and Wildlife Service. The amendment reads: "The Director of the United States Fish and Wildlife Service shall be appointed by the President, by and with the advice and consent of the Senate. *No individual may be appointed as the Director unless he is, by reason of scientific education and experience, knowledgeable in the principles of fisheries and wildlife management.*" 16 U.S.C.A. § 742b(b) (emphasis added); *N. Arapaho Tribe v. Ashe*, 92 F. Supp. 3d 1160, 1178 (D. Wyo. 2015) ("In the Fish and Wildlife Act, Congress delegated some of its powers to the U.S. Fish and Wildlife Service"). There are no

reported cases that support Aland's claims, or his request for declaratory and injunctive relief, nor are there cases that even relate to the sentence set forth above.

Regardless, if Director Williams was not "knowledgeable in the principles of fisheries and wildlife management," the President and the Senate surely would have determined that during the appointment and confirmation processes.[2] 16 U.S.C.A. § 742b(b). In the extremely unlikely event that Director Williams somehow slipped through those processes, as Aland apparently claims (Dkt., 1 Cpl., at 1), she clearly has the requisite background "by reason of scientific education and experience" (16 U.S.C.A. § 742b(b)) to be the director: "Prior to her appointment, Martha served as the Director of the Montana Department of Fish, Wildlife and Parks from 2017 to 2020. Previously, Martha was an Assistant Professor of Law at the Blewett School of Law at the University of Montana in Missoula, Montana where she co-directed the university's Land Use and Natural Resources Clinic. Martha returns to Interior after serving as Deputy Solicitor for Parks and Wildlife between 2011 and 2013, providing counsel to the National Park Service and the Fish and Wildlife Service. . . . She earned a bachelor's degree from the University of Virginia and a Juris Doctor degree from the University of Montana School of Law." https://www.fws.gov/about/leadership (last visited on November 11, 2022); *Laborer's Pension Fund v. Blackmore Sewer*

---

[2] During Director Williams's confirmation hearing, discussion topics included: her extensive experience in wildlife management and ecosystem protection (20:26, 27:35), her broad support from environmental groups (21:09), her scientific approach to wildlife management issues (28:08), her experience with the ESA (41:28), and her experience with the Grizzly bear population in Yellowstone National Park, as it relates to the ESA (1:15:20). https://www.epw.senate.gov/public/index.cfm/hearings?ID=85632347-8A00-4685-B55D-D2AE7C6ED641. If the U.S. Senate Committee on Environment and Public Works had any concerns regarding Director Williams's background, the committee members had sufficient opportunity to question her about it during her confirmation hearing. *Id*.

*Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information from official website of the FDIC).

Regardless, the court should deny Aland's motion and dismiss his complaint *sua sponte* for lack of jurisdiction. In the alternative, this case should proceed in the normal course and defendants should be provided the opportunity to file a timely response to the complaint.

## Conclusion

For the foregoing reasons, this court should deny Plaintiff's motion for a speedy hearing.

    Respectfully submitted,

    JOHN R. LAUSCH, Jr.
    United States Attorney

    By: s/ Kurt N. Lindland
        KURT N. LINDLAND
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-4163
        kurt.lindland@usdoj.gov