IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert H. Aland, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 22-cv-5821 |
| v. | ) |
| | ) Judge Joan B. Gottschall |
| U.S. Department of the Interior, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On October 19, 2022, plaintiff Robert H. Aland ("Aland"), a self-represented lawyer, filed a complaint for declaratory and injunctive relief against the U.S. Department of the Interior, its secretary, the United States Fish and Wildlife Service ("FWS"), and its director, Martha M. Williams ("Williams"). Compl. 1–3, ECF No. 1. Aland seeks a declaratory judgment that Williams does not meet the statutory qualifications to hold her office set forth in 16 U.S.C. § 742(b) because she allegedly lacks the requisite scientific education and experience. *See* Compl. 1, 15–16, 20–21. The statute states in relevant part, "The Director of the United States Fish and Wildlife Service shall be appointed by the President, by and with the advice and consent of the Senate. No individual may be appointed as the Director unless he is, by reason of scientific education and experience, knowledgeable in the principles of fisheries and wildlife management." § 742B(b). Defendants move to dismiss Aland's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.[1] See Fed. R. Civ. P. 12(b)(1) and (6). Defendants have also filed a motion to delay entry of a scheduling order until the court rules on their motion to dismiss. See Fed. R. Civ. P. 16(b)(2).

### Subject Matter Jurisdiction

The court begins and ends with subject matter jurisdiction because "the first step in any federal lawsuit is ensuring the district court possesses authority to adjudicate the dispute—in

---

[1] Although the court did not set a briefing schedule on defendants' motion to dismiss, Aland filed a response memorandum on December 28, 2022. ECF No. 22.

short, that it has jurisdiction over the subject matter." *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 550 (7th Cir. 2021) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). "Federal courts are courts of limited jurisdiction: 'It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021)(quoting *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006)). Where, as here, defendants contend that the complaint's jurisdictional allegations are facially insufficient, the court assumes the truth of the complaint's well-pleaded factual allegations and views "all facts in the light most favorable" to the plaintiff. *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 773 n.19 (7th Cir. 2014); see also *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

Defendants raise four jurisdictional arguments. See Mem. Supp. Mot. to Dismiss 1–2, 5-12, ECF No. 22-1. They first argue that Aland has not identified a statutory source of subject matter jurisdiction. See id. at 5–6. Aland cites two statutes in the jurisdictional portion of his complaint: (1) the federal question statute, 28 U.S.C. § 1331; and (2) the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02. Compl. ¶¶ 5 and 6.

The federal question statute vests federal district courts with original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As the Seventh Circuit has explained:

> It is "when federal law creates a private right of action and furnishes the substantive rules of decision [that] the claim arises under federal law, and district courts possess federal-question jurisdiction under § 1331." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378–79 (2012). A federal right of action is a separate requirement, and § 1331 does not itself provide a right of action. See *Int'l Union of Operating Eng'rs, Loc. 150 v. Ward*, 563 F.3d 276, 281 (7th Cir. 2009) ("Thus, when the basis of the action is a federal statute, a federal cause of action must exist as well for a federal court to hear a given claim; the general grant of federal question jurisdiction contained in § 1331, without a federal cause of action, is not enough.").

*E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 961 (7th Cir. 2021) (alterations in original).

Aland's argument (Resp. to Mot. to Dismiss 3) that the Declaratory Judgment Act furnishes the necessary separate private right of action fails under long-standing Supreme Court precedent holding that the Declaratory Judgment Act "is procedural only" and does "not extend [the] jurisdiction" of the federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (quotation omitted). The Declaratory Judgment Act instead "presupposes the existence of a judicially remediable right" and thus cannot be pursued without a predicate right of action. *Alarm Detection Sys., Inc. v. Orland Fire Prot. Dist.*, 929 F.3d 865, 871 n.2 (7th Cir. 2019) (quoting *Schilling v. Rogers*, 363 U.S. 666, 677 (1960)); see also *DeBartolo v. Healthsouth Corp.*, 569 F.3d 736, 741 (7th Cir. 2009). Thus, Aland cannot use the Declaratory Judgment Act to provide the private right of action needed for federal question jurisdiction.

Aland also points to the statute creating the FWS Director position, 16 U.S.C. § 742(b), Resp. to Mot. to Dismiss 3. As a matter of statutory interpretation, federal courts "assume that Congress will be explicit if it intends to create a private cause of action" in a statute. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017). The statute Aland cites includes no express Congressional language creating a private right of action or authorizing anyone to file a lawsuit. See § 742B. Rather, Aland cites the statute creating the FWS. The subsection he cites creates the office of Director of the Fish and Wildlife Service, specifies who supervises the FWS Director, and lists qualifications for the office. Aland does not point to–and the court does not see how he could– any language in § 742B(b) that shows Congress intended to create an implied private right of action. See generally *Ziglar*, 137 S.Ct. at 18–5655; *Alexander v. Sandoval*, 532 U.S. 275, 287–89 (2001) (discussing requirements for inferring a private right of action from the language of a federal statute). Accordingly, Aland has not carried his burden to show that § 742B(b) creates a right of action furnishing this court with federal question jurisdiction.

Defendants suggest the final possible source of a private cause of action:[2] they contend that this is in substance a quo warranto action. See Mem. Supp. Mot. to Dismiss 6–7. *Quo warranto* is a common law form of action used to determine one's right to an office and to oust the holder from its enjoyment. *Barany v. Buller*, 670 F.2d 726, 735 (7th Cir. 1982) (citations omitted). The Seventh Circuit has held, however, that "there is no general *quo warranto* jurisdiction in the federal courts." *Id*. (citing *United States ex rel. Wis. v. First Fed. Savings & Loan Ass'n*, 248 F.2d 804, 807–09 (7th Cir. 1957)). Aland does not disagree. He responds that he "does not and could not rely on *quo warranto*." Resp. to Mot. to Dismiss 3. Since Aland bears the burden to establish subject matter jurisdiction and he disclaims reliance on *quo warranto*, the court need not explore the issue further.[3] None of the foregoing sources being sufficient, Aland has not identified an independent source of a federal private right of action needed to invoke this court's federal question jurisdiction.

Aland also argues in his response to defendants' motion to dismiss (but not his complaint) that this court has subject matter jurisdiction under the so-called Little Tucker Act, 28 U.S.C. § 1346(a)(2). ECF No. 24 at 3. The Little Tucker Act grants federal "district courts jurisdiction

---

[2] Aland also cites one case in support of his arguments, *Dhakal v. Sessions*, 895 F.3d 532 (7th Cir. 2018), but his reliance on that case is perplexing. See Resp. to Mot. to Dismiss 3 n2. In *Dhakal*, the Seventh Circuit held that the district court had federal question jurisdiction because the Administrative Procedure Act (APA) provided a private right of action to seek judicial review of a federal agency's decision to deny his asylum application. See id. at 838–39 & n.9. Aland does not plead an APA claim, and he does not argue that the APA provides him with a private right of action here. See Resp. to Mot. to Dismiss 3.

[3] Defendants further argued that Congress has vested exclusive jurisdiction to bring a *quo warranto* action against a federal officer located in D.C. with the United States District Court for the District of Columbia and that only the Attorney General or the United States Attorney for the District of Columbia may bring such an action. Mem. Supp. Mot. to Dismiss 6–7 (citing D.C. Code §§ 16-3501 et seq., and *Drake v. Obama*, 664 F.3d 774, 784-85 (9th Cir. 2011)); see also *Andrade v. Lauer*, 729 F.2d 1475, 1498 (D.C. Cir. 1984). This argument need not be reached because Aland states that he is not seeking a writ of *quo warranto* from this court. Resp. to Mot. to Dismiss 3.

over non-tort civil actions against the United States for damages up to $10,000 by waiving the government's sovereign immunity." *Okere v. United States*, 983 F.3d 900 (7th Cir. 2020) (citing *United States v. Bormes,* 568 U.S. 6, 10 (2012)); other citation omitted. As the title of his complaint plainly states, Aland seeks declaratory and injunctive relief; he does not request money damages. See Compl. 1–2, 20–21 (prayer for relief). The Little Tucker Act therefore furnishes the court with no jurisdiction because "§ 1346(a)(2) does not confer jurisdiction over claims for injunctive and declaratory relief." *Okurre,* 920 F.3d at 982 (citing *Richardson v. Morris,* 409 U.S. 464, 464–65 (1973) and *United States v. Norwood*, 602 F.3d 830, 833 (7th Cir. 2010)). If he sought money damages, Aland would "need to identify an independent source of federal law that would allow such a remedy to be pursued through a cause of action in federal court." Id. (citing *United States v. Mitchell*, 463 U.S. 206, 218 (1973); other citation omitted).

For the reasons discussed above, Aland has not identified such an independent source of federal law. This being sufficient to require dismissal of the complaint, the court declines to reach defendants' arguments that Aland lacks Article III standing and that the political question doctrine applies.[4] See, e.g., *Diliberti v. United States*, 817 F.2d 1259, 1261 (7th Cir. 1987); see also *Abelesz v. OTP Bank*, 692 F.3d 638, 646 n.2 (7th Cir. 2012).

## Stay of Discovery

Having determined that the complaint fails to establish subject matter jurisdiction, the court *sua sponte* stays discovery. The Federal Rules of Civil Procedure contain "no requirement that . . . discovery cease during the pendency of a motion to dismiss [the complaint] unless the court has ordered a stay. *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936 (7th Cir. 1988) (quotation omitted); but see 15 U.S.C. § 78u-4(b)(3)(staying discovery automatically when a motion to dismiss is filed in private securities litigation). Courts have broad discretion to manage discovery, and Rule 26(c)(1) of the Federal Rules of Civil Procedure authorizes a district court to, "for good cause," limit the scope of discovery or control its sequence to "protect a party

---

[4] Because he is being given an opportunity to amend his complaint, the court advises Aland that it is skeptical that he has adequately alleged the elements of Article III standing.

or person from annoyance, embarrassment, oppression, or undue burden or expense." See *Crawford-El v. Britton*, 523 U.S. 574, 598–99 (1998).

In responding to defendants' motion to delay entry of a scheduling order, Aland argues that the jurisdictional questions raised here should be briefed while merits discovery proceeds on an extremely expedited schedule under which discovery would close in approximately two weeks on January 13, 2023. Resp. to Mot. to Delay Sched. Order 6. He asserts that an expedited schedule is necessary due to the importance of the merits of his claim. According to Aland, discovery will be straightforward, requiring defendants to produce a relatively small number of documents–documents Aland represents he has been attempting to obtain through an ongoing Freedom of Information Act (FOIA) request he initiated in February 2022. See Resp. to Mot. to Dismiss at 5 n5. The court does not know what documents Aland has requested, but Aland believes that defendants are trying to avoid producing them. See id. at 2–4.

To avoid the cost and burden of potentially unnecessary discovery, courts frequently stay discovery pending a motion to dismiss the complaint "where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where . . . discovery may be especially burdensome and costly to the parties." *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (citing *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, 2007 WL 3256848, at *1 (N.D. Ill. Nov. 1, 2007); other citation omitted). "[D]iscovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005) (quoting *Institute Pasteur v. Chiron*, 315 F.Supp.2d 33, 37 (D.D.C. 2004)). The Supreme Court has admonished lower courts that it is "appropriate . . . for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters." *U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 79–80 (1988) (citation omitted).

The Supreme Court's admonition makes particular sense here where the threshold jurisdictional issues are dispositive and do not appear to be purely technical pleading defects. In addition to the costs to the parties, proceeding to merits discovery before subject matter

jurisdiction has been litigated raises concerns about overstepping this court's authority. That is because "[a] federal court acting without subject-matter jurisdiction violates federalism and separation-of-powers principles underlying our constitutional system. 'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *McHugh v. Ill. Dep't of Transp.*, 55 F.4th 529, at *4 (7th Cir. 2022) quoting *Steel Co.*, *supra*, 523 U.S. at 94; see also *Brownback v. King*, 140 S.Ct. 740, 748 (2021).

Aland briefly suggests that jurisdictional discovery may be appropriate. See Reps. to Mot. to Dismiss 3. He represents that on November 12, 2022, he provided defendants' counsel with a list of documents he believes should be produced in discovery. Resp. to Mot. Dismiss 3. "It is reasonable," continues Aland, "to assume that at least some of those documents [he requests] would adversely affect Defendants' Dismiss Motion [sic] and later their legal position in summary judgment proceedings." Id. No further information has been provided about the documents Aland seeks, however, and Aland does not need any discovery to identify a statutory basis for subject matter jurisdiction. Regardless, without an understanding of what documents Aland is seeking and why they are necessary to a jurisdictional determination, the court has no basis for authorizing jurisdictional discovery.

## Conclusion

For the reasons stated, defendants' motion to dismiss Aland's complaint for lack of subject matter jurisdiction is granted. The court stays discovery pending a determination of its subject matter jurisdiction. Because discovery has been stayed, defendants' motion to delay issuance of a scheduling order is denied as moot. Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. If he wishes, plaintiff may file an amended complaint on or before January 20, 2023. Failure to file an amended complaint by the deadline will result in entry of judgment dismissing this case without prejudice for lack of subject matter jurisdiction.

Dated: December 30, 2022                    /s/_____
                                            Joan B. Gottschall, US District Judge