
FILED
3/14/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
LM

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ROBERT H. ALAND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U. S. DEPARTMENT OF THE INTERIOR; )<br>DEB HAALAND, Secretary of the U. S. )<br>Department of the Interior; **U. S. FISH &** )<br>**WILDLIFE SERVICE**; and **MARTHA M.** )<br>**WILLIAMS**, Director of the U. S. Fish & )<br>Wildlife Service, )<br>)<br>Defendants. ) | Case No. 1:22-cv- 05821<br><br>Judge: Joan B. Gottschall |

---

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR CERTIFICATION OF
QUESTION OF LAW UNDER 28 U.S.C. § 1331 TO
U. S. COURT OF APPEALS FOR SEVENTH CIRCUIT
PURSUANT TO 28 U.S.C. § 1292(B)**

---

### I. Questions of Law in This Case

This lawsuit presents to the Court the following four questions of law:

1. Does the Court have subject matter jurisdiction under 28 U.S.C. § 1331 to decide the questions of law described in ## 2 - 4 based upon the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201 and 2202, and 16 U.S.C. § 742b(b)?

2. Does "scientific education" in 16 U.S.C. § 742b(b) require the Director of Defendant U. S. Fish & Wildlife Service ("FWS") to have a scientific degree from a college or university?

3. Does Defendant Williams have a "scientific education" within the meaning of, and as required by, 16 U.S.C. § 742b(b)?

4. If the Court's answers to ## 2 and 3 are "yes" and "no," respectively, should the Court enforce its declaratory judgment by enjoining Defendant Williams from continuing in office as FWS Director pursuant to the DJA, 28 U.S.C. § 2202?

The Court addressed #1 and held that it does not have subject matter jurisdiction under 28 U.S.C. § 1331. ECFs 28, 37. The Court has not addressed ## 2, 3 and 4.

## II. Legal Issue To Be Certified

The question of law to be certified under 28 U.S.C. § 1292(b) is #1 above: Whether this Court has subject matter jurisdiction under 28 U.S.C. § 1331 to decide the questions of law described in ## 2 - 4 above based upon the DJA, 28 U.S.C. §§ 2201 and 2202, and 16 U.S.C. § 742b(b).

## III. Legal Analysis

### A. Statutory Criteria for Certification

The statutory criteria for certification for appeal of an interlocutory order are set forth in 28 U.S.C. § 1292(b). The U. S. Court of Appeals for the Seventh Circuit has described those criteria as follows:

> [T]here must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed.

*Ahrenholz v. Board of Trustees of the Univ. of Illinois*, 219 F.3d 674, 675-76 (7th Cir. 2000) (Emphasis by court; citation omitted.). See *Boim v. Quaranic Literacy Inst. & Holy Land Found. for Relief & Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002). All five criteria are satisfied in this case.

### B. Question of Law

The Seventh Circuit in *Ahrenholz* held, referring to the legislative history, that "question of law" as used in 28 U.S.C. § 1292(b) has a special meaning:

> We think "question of law" . . . has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . . We think [Congress] used "question of law" in much the same way a lay person might, as referring to a ***"pure"*** question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide ***quickly and cleanly without having to study the record***, the court should be enabled to do so without having to wait till the end of the case. . . .
>
> It is equally important . . . to emphasize the duty of the district court and of our court as well to allow an immediate appeal to be taken when the statutory criteria are met, as in our recent case of *United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605 (7th Cir. 2000), where we took a section 1292(b) appeal to decide whether federal law preempts state business-tort law in suits between air carriers over routes and rates of service. This was an ***abstract issue of law***, timely sought to be appealed under section 1292(b), resolution of which could (because it was indeed a ***controlling*** issue) head off protracted, costly litigation. And because it was an abstract issue of law, it was suitable for determination by an appellate court without a trial record.

Id. at 676-77 (Some citations omitted; emphasis by the court and added.).

The question of law to be certified under 28 U.S.C. § 1292(b) in this case clearly is a pure or abstract question of law within the meaning of *Ahrenholz* and *United Airlines*. It does not require a trial or other factual development. See *Aon plc v. Heffernan*, 2017 WL 1430616, *3 (N. D. Ill. 2017) (certification granted even though reconsideration denied); *United States v. Moglia*, 2004 WL 1254128, *2 (N. D. Ill. 2017) ("paradigmatic example").

### C. **Controlling Question**

The Seventh Circuit has held that a question of law is controlling "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). The question of law under 28 U.S.C. § 1292(b) for which certification is sought in this case clearly will 'affect the further course" of this litigation; this case cannot proceed further in

this Court unless this petition is granted and the Seventh Circuit accepts the certification and reverses this Court.

The Seventh Circuit is likely to reverse this Court's decision with regard to 28 U.S.C. § 1331, since it has repeatedly held, relying on U. S. Supreme Court cases such as *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("so attenuated and unsubstantial as to be absolutely devoid of merit"),[1] that subject matter jurisdiction under 28 U.S.C. § 1331 cannot be denied except in the "most extreme cases." *Turner/Ozane v. Hyman/Power*, 111 F.3d 1312, 1317 (7th Cir. 1997); *EEOC v. Chicago Club*, 86 F.3d 1423, 1428 (7th Cir. 1996); *LaSalle Nat. Bank Trust, N. A. v. ECM Motor Co.*, 76 F.3d 140, 143-45 (7th Cir. 1996).

The substantial likelihood that the Seventh Circuit will reverse this Court is enhanced by the Court's manifest errors of law, including its misunderstanding and misapplication of *E. Central Ill. Pipe Trades Health & Welfare Fund v, Prather Plumbing & Heating, Inc.*, 3 F.4th 954 (7th Cir. 2021), as described in Plaintiff's Memorandum of Law ("Reconsideration Memorandum") in support of his Motion for Reconsideration. ECF 32 at 3, 5-9.

The substantial likelihood that the Seventh Circuit will reverse this Court also is enhanced by the practical result of this Court's decision with regard to subject matter jurisdiction under 28 U.S.C. § 1331; the Court has judicially repealed the DJA as a remedy, despite its clear and unequivocal language (see Reconsideration Memorandum at 7-8), as discussed in Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion for Reconsideration ("Reply"; ECF 35 at 2-4), to challenge federal officials who hold office in violation of 16 U.S.C.

---

[1] See *Duke Power Co. v. Carolina Environmental Study Group*, 438 U. S. 59, 70 (1978) ("[T]he test is whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." Emphasis in original.); *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666-67 (1974).

§ 742b(b) and numerous other federal statutes that prescribe qualification requirements for holders of federal offices.[2] The Seventh Circuit is likely to reject that judicial repeal.[3]

**D. Contestable Question**

The third 28 U.S.C. § 1292(b) factor -- whether there is "substantial ground for difference of opinion" or, stated differently, whether the question of law is "contestable" -- can be based upon a showing of the unsettled nature of the law with regard to that question of law. The Seventh Circuit has spoken directly to this issue in the context of the present case:

> The interpretation of [two federal anti-terrorism statutes] presents questions of law which will control the outcome of this case. As these are questions of *first impression*, the application of these statutes to the facts here alleged is *certainly contestable*, and the resolution of these issues will facilitate the conclusion of the litigation.

*Boim* at 1007-08 (emphasis added). Questions of law of first impression are contestable because by definition they are unsettled. See *Aon plc* at *4; *Moglia* at *3.

The question of law to be certified in this case under 28 U.S.C. § 1292(b) is an issue of first impression. Neither this Court nor any other court in this jurisdiction nor any court in any other jurisdiction has decided whether the DJA, 28 U.S.C. § 2201, and 16 U.S.C. § 742b(b) together give this Court subject matter jurisdiction under 28 U.S.C. § 1331.

This Court has not relied upon, or referred to, in its two interlocutory Orders (ECFs 28, 37), even one case on point in this or any other jurisdiction with regard to the specific question of law for which certification is requested; and Defendants likewise have not relied upon or referred to any such case on point. Instead all cases relied upon by the Court and Defendants involve

---

[2] See discussion in the Reconsideration Memorandum of at least 34 statutory qualification requirements for federal officeholders. ECF 32 at 11.

[3] See *Davis v. American Foundry Equipment Co.*, 94 F.2d 441, 443 (7th Cir. 1938), discussed in the Reply (ECF 35) at 3-4.

general principles of subject matter jurisdiction that are irrelevant, or barely relevant, and certainly are not determinative, in this case. In stark contrast, Plaintiff has described (with examples) how substantive and remedial statutes frequently work together to provide subject matter jurisdiction.[4]

The contestable nature of the question of law to be certified is intertwined with, and reinforced by, the controlling nature of that question of law as discussed in **III.C.** above.

It is important to point out that the other three questions of law described in **I.** above, although not the subject of this Motion, also are questions of law of first impression.

### E. Speed Up Litigation

The fourth factor in the 28 U.S.C. § 1292(b) analysis is satisfied if the interlocutory appeal "***may*** materially advance the ultimate termination of the litigation." (Emphasis added.) Relying on the term "may," the Seventh Circuit has stated: "[N]either the statutory language nor the case law requires that if the interlocutory appeal should be decided in favor of the appellant the litigation will end then and there, with no further proceedings in the district court." *Sterk v. Redbox Automated Retail*, 672 F.3d 535, 536 (7th Cir. 2012) (citations omitted).

The decision of this Court with regard to jurisdiction under 28 U.S.C. § 1331 constitutes a roadblock with regard to the other three questions of law in this case. A reversal by the Seventh Circuit will remove that roadblock and allow this Court to move on to those other questions of law.

Since a pure question of law is involved under 28 U.S.C. § 1331, the Seventh Circuit can "decide quickly and cleanly without having to study the record" within the meaning of

---

[4] Reconsideration Memorandum (ECF 32) at 5-9; Reply (ECF 35) at 2-3. The Court relegated its response to the two examples to a footnote in its Order denying the Motion for Reconsideration. ECF 37 at 2 n. 1.

*Ahrenholz*. See *Aon plc* at *4; *Moglia* at *3. In contrast, an appeal to the Seventh Circuit of a final order under 28 U.S.C. § 1291, which would be filed if certification is denied, despite ending in reversal, likely would prolong this Court's consideration of the other questions of law presented to this Court.

If this Court decides those three issues in Plaintiff's favor, and Defendant Williams' illegal occupation of the office of FWS Director is terminated, the legal contamination of Defendant FWS's determinations, as discussed in the Reply (ECF 37 at 9-10), will not exist with regard to determinations made subsequent to Defendant Williams' termination.

## F. Reasonable Filing

This petition is filed only 13 days after the Court's Order dated March 1, 2023 (ECF 37), was issued, a reasonable time for filing. See *Boim* at *1008 (35 days); *Aon plc* at *4 (15 days).

## IV. Conclusion

This case presents a question of law of first impression in a unique context with national importance, and that question, and the others involved in this case, also of first impression, are ripe for, and deserve, prompt judicial resolution. This Court should grant this Motion and allow Seventh Circuit consideration to commence so that, upon reversal, consideration of the other questions of law can proceed in this Court.

Respectfully submitted,

*/s/ Robert H. Aland*

Robert H. Aland, Plaintiff

140 Old Green Bay Road
Winnetka, IL 60093-1512
Telephone: (847) 784-0994
Fax: (847) 446-0993
E-mail: rhaland@comcast.net

March 14, 2023