UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT H. ALAND, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR, *et al.*, <br><br> Defendants. | Civil Action No. 1:22-cv-5821 <br><br> Judge Gottschall |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO CERTIFY QUESTION FOR
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

In his motion to certify question for interlocutory appeal under 28 U.S.C. § 1292(b), ECF Nos. 38 and 39, Plaintiff Robert H. Aland attempts to relitigate—for the third time and again in lieu of filing an amended complaint—his contention that the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, read together with 16 U.S.C. § 742(b) and 28 U.S.C. § 1331, provides subject matter jurisdiction sufficient to enable this Court to invalidate the Presidential appointment and Senate confirmation of U.S. Fish and Wildlife Service ("FWS") Director Martha Williams and evict her from office. For the reasons provided at length by this Court in its Orders granting Defendants' motion to dismiss for lack of jurisdiction and denying reconsideration, ECF Nos. 28 and 37, Aland's argument runs contrary to the clear weight of controlling precedent.

Accordingly, Aland's motion for interlocutory appeal should be denied for two reasons. First, § 1292(b) is an inappropriate vehicle for appeal because the question of law Aland seeks to have certified is not one "as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Second, interlocutory appeal would not "materially advance the ultimate

termination of the litigation," 28 U.S.C. § 1292(b), because Defendants' motion to dismiss has already been granted and the Court's Order granting dismissal permitted Aland to either amend his complaint or accept judgment of dismissal, either of which would allow this matter to proceed to an expeditious determination. Neither of these statutory requirements for interlocutory appeal having been met, the Court should deny Aland's motion. And given Aland's repeated refusal to amend his complaint and his assertion that he plans seek an appeal as of right under 28 U.S.C. § 1291 if the instant motion is denied, the Court should enter judgment dismissing this case.

## ARGUMENT

I. **Legal Standard**

The decision whether to allow an immediate interlocutory appeal of a non-final order under 28 U.S.C. § 1292(b) is within the discretion of the district court. *See Swint v. Chambers Cnty. Com'n*, 514 U.S. 35, 46-47 (1995). However, an appeal under this section is necessarily a rare deviation from the ordinary policy of avoiding "piecemeal appellate review of trial court decisions which do not terminate the litigation." *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982). When deciding a motion for certification for interlocutory appeal, courts must consider the following factors: (1) whether the order to be appealed involves "a controlling question of law as to which there is substantial ground for difference of opinion;" and (2) whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). *See Boese v. Paramount Pictures Corp.*, 952 F. Supp. 550, 560 (N.D. Ill. 1996). "Another consideration is whether certification would only prolong the life of the litigation at all the parties' expense." *Id*. (citing *Harris v. Karri–On Campers, Inc.*, 640 F.2d 65, 68 (7th Cir.1981)). Each element of the section 1292(b) test must be met before certification

2

may be granted. *See id.* (citing *Segni v. Commercial Office of Spain*, 650 F. Supp. 1045, 1046 (N.D.Ill.1987)).

The party seeking interlocutory review has the burden of persuading the court that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Fisons Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972), *rev'd on other grounds*, *Tidewater Oil Co. v. United States*, 409 U.S. 151 (1972).

## II. The Question of Law Aland Seeks to Have Certified Does Not Provide Substantial Grounds for Difference of Opinion.

Against the weight of controlling precedent, Aland contends that the Declaratory Judgment Act, coupled with 16 U.S.C. § 742(b), provides this Court with federal question jurisdiction under 28 U.S.C. § 1331. *See* Mot. Interlocutory Appeal at 5. He is wrong, and he has identified no case law from any court finding that the Declaratory Judgment Act provides a source of subject matter jurisdiction when coupled with a federal statute that itself lacks a private right of action. Instead, he attempts to manufacture grounds for difference of opinion where none exists by framing his question of law as an issue of "first impression" and therefore inherently contested. *Id*. This effort fails because he has expressly conceded that 16 U.S.C. § 742b(b) "says nothing about a private right of action," Pl.'s Mot. Reconsideration at 5, ECF No. 32, and it is well established that the Declaratory Judgment Act "'presupposes the existence of a judicially remediable right' and thus cannot be pursued without a predicate right of action." *Alarm Detection Sys., Inc. v. Orland Fire Prot. Dist.*, 929 F.3d 865, 871 n.2 (7th Cir. 2019) (quoting *Schilling v. Rogers*, 363 U.S. 666, 677 (1960)). Accordingly, there is no substantial ground for difference of opinion. As the Supreme Court has stated, "the fact that a federal statute has been

violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quoting *Cannon v. Univ. of Chi.*, 441 U.S. 677, 688 (1979)). *See also Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996) ("A petition for a declaratory judgment concerning federal law is not sufficient to create federal jurisdiction; hence the relevant cause of action must arise under some other federal law." (citation omitted)).[1]

As this Court stated in its Order denying his motion for reconsideration, "Aland's disagreement with the court's jurisdictional analysis does not warrant reconsideration because 'manifest error' is not demonstrated by the disappointment of the losing party." Reconsideration Order at 2, ECF No. 37 (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). The same is true with respect to certification for interlocutory appeal under Section 1292(b). "[S]ubstantial grounds for difference of opinion" requires more than the disagreement of the losing party. 28 U.S.C. § 1292(b). *See Kowalski v. Anova Food, LLC*, 958 F. Supp. 2d 1147, 1165 (D.

---

[1] As Aland admits is the case here, *see* Pl.'s Mot. Reconsideration at 5, persuasive authority across the country further affirms the principle that the Declaratory Judgment Act does not create a right of action where none otherwise exists. *See Chevron Corp. v. Naranjo*, 667 F.3d 232, 244–45 (2d Cir. 2012) ("[T]he DJA . . . does not create an independent cause of action." (citations omitted)); *Malhan v. Sec. U.S. Dep't of State*, 938 F.3d 453, 457 n.3 (3d Cir. 2019) ("[T]he Declaratory Judgment Act is procedural only and presupposes the existence of a judicially remediable right. It creates a remedy, not rights." (citations omitted)); *Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) (*en banc*) ("[T]he law makes clear that—although the Declaratory Judgment Act provides a remedy different from an injunction—it does not provide an additional cause of action with respect to the underlying claim."); *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) ("[T]he plaintiffs have not alleged a cognizable cause of action and therefore have no basis upon which to seek declaratory relief. Nor does the Declaratory Judgment Act . . . provide a cause of action."); *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007) ("[Section] 2201 does not create an independent cause of action.").

Haw. 2013) ("A party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference'; the proponent of an appeal must make some greater showing." (citation omitted)); *Nat'l Cmty. Reinvestment Coal. v. Accredited Home Lenders Holding Co.*, 597 F. Supp. 2d 120, 122 (D.D.C. 2009) ("Mere disagreement, even if vehement, with a court's ruling does not establish a substantial ground for difference of opinion sufficient to satisfy the statutory requirements for an interlocutory appeal." (citation omitted)); *Wausau Bus. Ins. Co. v. Turner Const. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001) (A mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for difference of opinion under the second element." (citation omitted)). Because Aland's mere disagreement with this Court's Orders is insufficient to establish the "substantial grounds for difference of opinion" required by 28 U.S.C. § 1292(b), the Court should deny his request for interlocutory appeal.

### III. Interlocutory Appeal Will Not Materially Advance the Ultimate Termination of This Litigation.

Aland also fails to meet the second requirement for interlocutory appeal, *i.e.*, that such an appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Here, the court can consider the extent to which an interlocutory appeal "would only prolong the life of the litigation at all the parties' expense." *Boese*, 952 F. Supp. at 560. In the case at hand, an interlocutory appeal is unwarranted because the Court's Order granting Defendants' motion to dismiss and Order denying reconsideration can expeditiously lead to a final judgment, and interlocutory appeal would neither materially advance the ultimate termination of the litigation nor save time or expense. *Cf. Totes-Isotoner Corp. v. United States*, 32 C.I.T. 1172, 1181 (2008) (denying plaintiff's motion for interlocutory appeal under an analogous provision, 28 U.S.C. § 1292(d)(1), following the granting of defendant's motion to dismiss).

The Court's Order granting Defendant's motion to dismiss permitted Aland to either amend his complaint or accept judgment of dismissal, *see* ECF No. 27, as did the Court's Order on reconsideration, ECF No. 37 at 3. If Aland chooses not to amend his complaint, the litigation will be terminated at that point. Aland would then be free to appeal to the Seventh Circuit on the very issue that he asks this Court to certify—indeed, Aland has indicated that he will do exactly that. *See* Mot. Interlocutory Appeal at 7 (stating that "an appeal to the Seventh Circuit of a final order under 28 U.S.C. § 1291 . . . would be filed if certification is denied"). On the other hand, if Aland reverses course and chooses to amend his complaint, the matter can proceed to expeditious determination here. Either option would result in a more direct path to the ultimate termination of this litigation than would granting Aland's request to certify the question of federal question jurisdiction for interlocutory appeal. Even in the unlikely event that Aland's interlocutory appeal were to prove successful against the weight of controlling precedent, *see supra* part II, such an interlocutory appeal would offer no saving of time or expense compared with an appeal of a final order under 28 U.S.C. § 1291. And if unsuccessful, interlocutory appeal would only serve to prolong this action unnecessarily.

Aland has evidenced a clear desire to appeal the Court's dismissal of his claims for lack of subject matter jurisdiction and refused multiple opportunities to amend his complaint. However, § 1292(b) is an inappropriate vehicle for such an appeal because this Court's rulings do not provide substantial grounds for difference of opinion and because interlocutory appeal would not materially advance the termination of this litigation. Instead, the Court should provide Aland the appellate opportunity he seeks by denying his motion for certification and entering judgment dismissing this case, thereby permitting him to bring his claims before the Seventh Circuit in the

normal course under 28 U.S.C. § 1291.

## CONCLUSION

For the foregoing reasons, the Court should deny Aland's motion for certification for interlocutory appeal under 28 U.S.C. § 1292(b) and enter judgment dismissing this case.

Dated:  March 30, 2023                                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Andrew J. Rising*
ANDREW J. RISING (DC Bar # 1780432)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 11406
Washington, DC 20005
(202) 514-0265
Andrew.J.Rising@usdoj.gov

*Counsel for Defendants*